C. C. CURRIER v. W. M. RITTER LUMBER COMPANY.

(Filed 21 May, 1909.)

**Contracts, Written—Construction—Employment by Month—Yearly Contracts Not Implied.**

Letters merely showing an offer and acceptance of employment at a certain price per month cannot be construed as implying a contract by the year. (*Edwards v. Railroad,* 121 N. C., 490, cited and approved.)

ACTION tried before *Peebles, J.,* and a jury, at Spring Term, 1909, of MACON, to recover upon an alleged contract of employment.

From the ruling and judgment the plaintiff appealed.

*Robertson & Benbow* and *Busbee & Busbee* for plaintiff.
*Shepherd & Shepherd,. Fred S. Johnston* and *L. C. Bell* for defendant.

BROWN, J. The material points in this appeal are embraced in the second and fourth issues—that is to say, whether there was a contract of employment for the entire year of 1907. The action is brought upon the assumption that there was such a contract of employment, and the plaintiff seeks to recover damages for the entire year, although he did no work after the first few days in July, 1907. If there were such a contract and he was wrongfully discharged, he would be entitled to such damages less what he might have earned upon reasonable effort. *Smith v. Lumber Co.,* 142 N. C., 26.

His Honor instructed the jury that upon the letters and other undisputed testimony there was no such contract for the entire year of 1907, but that the employment was from month to month. It is admitted that the correctness of this ruling is the only question presented.

In contracts for personal service the English rule is that when no time is fixed and no stipulation as to payment made, it is presumed to extend for a year. In this country, when no time is fixed and no stipulated period of payment made, the contract is terminated at the will of either party. 20 A. and E. Cyc., 14; *Soloman v. Sewerage Co.,* 142 N. C., 445; *Edwards v. Railroad,* 121 N. C., 490.

The evidence of the contract is wholly in writing, in the form of correspondence, and there is no evidence of any other contract subsequent thereto.

We think his Honor's interpretation of the letters is correct, and in accord with the case of *Edwards v. Railroad,* 121 N. C., 490.

No Error.