The contract between the parties is contained in the following letter:
(304) FORM X. OWENSBORO WAGON COMPANY, INCORPORATED.
OWENSBORO, KY., March 18, 1907.
To H. L. RIGGAN Co., Winston-Salem, N.C.
DEAR SIRS — Respecting your request to handle our wagons on consignment in your vicinity, we shall be pleased to commission same to you as your orders may be approved by us from time to time; proceeds of sales, less invoice price, to be your commission. In consideration of our so doing, and extending you this business, we ask you to undertake and contract as follows:
1. Of such goods, handle and sell ours to the exclusion of all other makes.
2. Until goods consigned hereunder are sold, diligently do all business required for selling said goods, pay all taxes, freight and any other expenses on same, keep same well housed and protected from the weather and in good order, keep same insured with loss clause payable to us, and in case of loss or damage by fire or other cause, pay us invoice price. *Page 297 
3. On the first of each month, and whenever requested so to do by us or our authorized traveling men or collectors, to render a statement of all goods on hand.
4. Invoice prices shall be as mutually agreed upon at the time orders are accepted for shipment.
6. At the end of each month, or whenever requested, you will remit to us your four-months note for all sales made, and if requested by us, approved collateral notes endorsed by you and attached as security, or cash, less a discount of five per cent, the cash discount not to be allowed on sales made after eight months from date of each invoice. Your monthly remittance, so made, we will place to the credit of your account, and you will continue to make monthly settlements for sales as hereinbefore provided.
7. You will, if we so demand, purchase at invoice price with your four-months note, with approved collateral notes attached, if requested, or in cash, less five per cent, on all goods unsold after eight months from date of each invoice, or at once, in case you sell or dispose of the merchandising business in which you are engaged.
8. To extent of invoice price, money, notes, proceeds or securities taken or received by you on account of goods shall be our property, received and held in trust for us and kept by you as a separate fund for us until goods are settled for us as above, and the title of all goods shipped on this contract shall be and remain in Owensboro Wagon Company until we receive settlement therefor. (305)
9. We can revoke this contract at any time if you fail to discharge any obligation hereunder, or if we have reason to believe you unable to perform same; and upon the return of goods for any cause, or upon termination or revocation of this contract, you will deliver to us in your town all our goods then on hand, in as good condition as when received, paying for any damages to same, free of all charges. If, however, termination hereof is made other than by reason of your act or breach, then we will pay actual freight, which shall be a claim against us, subject to offset of any claim we may have against you.
10. We deliver all goods free on board Owensboro, Ky., and will endeavor to ship by cheapest route, making freight as low as possible, but will not be responsible for any overcharges.
11. Our failure to enforce at any time any provision of this contract, to exercise any option reserved to us herein, or our waiving performance on your part of any provision hereof, for the time being, shall in nowise impair or affect the validity of this contract, or of such provision, or of our right to enforce the same at any time thereafter.
If this is satisfactory, please sign as indicated below, and return to us, on receipt of which we will, at this office, at which place this *Page 298 
contract shall be considered executed, consummate same by our signature between us, sending you a copy, which embodies our entire understanding and cannot be modified, except by writing, duly executed by us.
 Consummated: OWENSBORO WAGON COMPANY, By S.D. KENNEDY.
The above is satisfactory. H. L. RIGGAN Co.
On the same day the contract was signed, the defendants signed an order for plaintiff to ship them six wagons, at a price of $385.05, and this order specifically provided that they be sold on the following conditions as to payment:
"Terms: We agree to settle for the above by terms of consignment contract, eight months limit. No collateral notes."
The plaintiff shipped the wagons on 19 April, 1907, and 25 May, 1907, and they received them soon after. In June, 1907, the defendants notified the plaintiff's agent personally, and the plaintiff twice by letter, that they could not sell the wagons, and requested plaintiff to appoint another agent. In October they wrote the following letter:
(306) WINSTON-SALEM, N.C. October 5, 1907.
OWENSBORO WAGON COMPANY, Owensboro, Ky.
GENTLEMEN: — . . . As we wrote you some time ago, we must insist that you have another agent appointed at this place, or allow us to turn the wagons over to some one else, as we have tried hard to sell them and we cannot do it, as the people cannot be convinced that this make or style of wagon will take the place of the kind they have been using. . . .
Yours truly, etc. H. L. RIGGAN Co.
This is an action by plaintiff to recover the price of the wagons, having refused the defendant's offer to return them. The jury found that the defendants had terminated the contract within eight months, and that the plaintiff was indebted to the defendant $52 for storage (after the notice to remove, given by defendant in February, 1908), freight paid and repairs. Plaintiff appealed.
After stating the case: This was a contract for consignment. No definite date was fixed for its duration, and therefore it was terminable at the will of either party. Solomon v. Sewerage Co., 142 N.C. 445;Currier v. Lumber Co., 150 N.C. 694.
Under the terms of the contract, if the defendants should keep the wagons without objection, not offering to return them for a period of eight months, then they agreed to purchase them at the invoice price; but when they indicated that they did not want to keep the wagons, there was a failure of the minds to meet upon the proposition to sell.
The letters from defendant were admissible to show the termination by them of the contract and the notice to remove the wagons. The defendants were entitled to recover storage therefor, freight paid by them, and repairs.
No error.
(307)