MRS. LUCY STILL v. DALE LANCE, J. W. QUACKENBUSH, CAR-
ROLL HUNTER, EARL McELRATH, MRS. GED ROBERSON, JR.,
JAMES McCLURE CLARK, MRS. BEN W. DAVIS, MRS. C. G.
ROBERTS, MRS. CHARLES D. OWEN AND MORRIS McGOUGH,
INDIVIDUALS, AND ERWIN SCHOOL DISTRICT COMMITTEE AND
BUNCOMBE COUNTY BOARD OF EDUCATION, FRANK BOW-
MAN, INDIVIDUALLY AND AS PRINCIPAL OF CLYDE ERWIN HIGH
SCHOOL AND T. C. ROBERSON, INDIVIDUALLY AND AS SUPERINTEND-
ENT OF BUNCOMBE COUNTY SCHOOL SYSTEM, WOODARD E.
FARMER AND ZEB SHEPHARD AS SUCCESSOR MEMBERS OF BUN-
COMBE COUNTY BOARD OF EDUCATION AND FRED MARTIN,
AS SUCCESSOR SUPERINTENDENT OF BUNCOMBE COUNTY SCHOOL
SYSTEM

No. 105

(Filed 30 July 1971)

**1. Master and Servant § 10— contract of employment — termination**

Nothing else appearing, a contract of employment which contains
no provision for the duration or termination of employment is
terminable at the will of either party irrespective of the quality of
performance by the other party.

**2. Schools § 13— school teachers — termination of employment by county
board — statement of charges — hearing**

A county board of education may terminate the employment of a
teacher at the end of the school year without filing charges against
the teacher, or giving its reasons for the termination, or granting the
teacher an opportunity to be heard. G.S. 115-142(b).

**3. Schools § 13— school teachers — contract of employment — duration —
rights conferred by statute**

A school teacher's contract of employment with a county board of
education, which was entered into on 26 May 1967, gave her the right
to continue her employment from year to year until the board termi-
nated such employment at the end of the 1968-69 school year in the
manner prescribed by statute. G.S. 115-142.

**4. Schools § 13— school teachers — termination of employment — discre-
tion of school board — grounds for termination**

A county board of education acted within its discretion, which was
not reviewable on appeal, when it terminated a teacher's employment
contract, at the end of the school year, on the grounds that (1) the
board was simultaneously terminating the employment contract with
the teacher's husband, which made it likely that the teacher herself
would interrupt her employment with the county the following year,
and (2) the teacher was teaching a subject for which she held no
teacher's certificate.

Still v. Lance

5. Schools § 13; Constitutional Law § 20— school teachers — procedures
   for dismissal and termination of employment — equal protection of
   the laws

   The statutes which prescribe one procedure for the dismissal of a
   school teacher during the school year, on grounds of immoral or dis-
   reputable conduct, and another procedure for the termination of a
   teacher's employment at the end of the school year, do not deny a
   teacher the equal protection of the laws. U. S. Constitution, Fourteenth
   Amendment; N. C. Constitution, Art. I, § 17; G.S. 115-142; G.S. 115-145.

APPEAL by plaintiff from *Ervin, J.,* at the 15 February
1971 Session of BUNCOMBE, heard prior to determination by
the Court of Appeals.

The plaintiff sues for damages and for injunctive relief,
alleging that her contract as a public school teacher in the Bun-
combe County Public School System was wrongfully terminated.
She alleges that she was initially employed as such teacher for
the academic year 1964-1965 and served in that capacity during
each succeeding academic year to and including the year 1968-
1969. She then alleges that at the close of the 1968-1969 school
year, the County Board of Education, acting upon the recommen-
dation of the principal and the District School Committee, ter-
minated her contract arbitrarily and without cause, giving her
no statement of the reason for her dismissal and no hearing
with reference thereto, though the plaintiff requested both, and
thereby the defendants violated her rights under the Due
Process Clauses of the Fifth and Fourteenth Amendments to
the Constitution of the United States and Art. I, § 17, of the
Constitution of North Carolina.

The plaintiff further contends that G.S. 115-142 provides
no standard or procedure governing the termination of a public
school teacher's contract at the end of a school year and, thereby,
deprives her of the equal protection of the laws in violation of
the Fourteenth Amendment to the Constitution of the United
States, since G.S. 115-145 does provide such standards and
procedures governing the dismissal of teachers in the course of
the school year. She further alleges that the absence of such
standards and procedures in G.S. 115-142 has a chilling effect
upon the exercise of constitutional rights by teachers in violation
of the First, Fifth and Fourteenth Amendments to the Consti-
tution of the United States and in violation of Art. I, §§ 17 and
35 of the Constitution of North Carolina.

She prays that the Court declare G.S. 115-142 unconstitutional; that an injunction issue requiring the defendants to consider the renewal of the plaintiff's contract in the good faith exercise of their statutory discretion and duties; that an injunction issue requiring the defendants to provide the plaintiff with notice of the decision to terminate her contract; that they be required to provide her with a hearing before the County Board of Education and to cause a record of such hearing to be made reflecting the evidence for and against the plaintiff and the reasons for the decision of the board; and that she recover judgment for damages in varying amounts, depending upon whether or not part or all of the requested injunctive relief be granted.

The defendants allege in their answer that the County Board of Education gave to the plaintiff full, adequate and legal notice, as required by statute, of the decision not to renew her contract, and allege that no right of the plaintiff under the Constitution or laws of the United States, or of this State, has been violated.

The parties stipulated that the plaintiff was employed as a public school teacher in the Buncombe County School System for the academic year 1964-1965 and each academic year thereafter, through the academic year 1968-1969; that she served in such employment during the year 1968-1969; that on or before the last day of the 1968-1969 academic school year, the County Board of Education determined and, through the County Superintendent of Schools, informed the plaintiff that her contract would not be renewed for the following academic school year, such notice being given by registered mail; and that the plaintiff was not given a hearing by the County Board of Education concerning the termination of the contract.

The written contract between the County Board of Education and the plaintiff, executed in May 1967, was in the prescribed form. It did not specify a termination date. It provided that it was entered into "in accordance with and subject to the provisions of the school law applicable thereto;" that the plaintiff agreed "to discharge faithfully all the duties imposed * * * by the Laws of North Carolina and by the rules and regulations of the [County] Board of Education;" that the Board of Education promised to pay the plaintiff "for services rendered during

Still v. Lance

the life of this contract;" and that "assignments to duties will be made by the superintendent of schools."

The plaintiff moved for summary judgment, asserting that there is no genuine issue of material fact between the parties, except as to the nature of the relief to which she is entitled, and that she is entitled to judgment as a matter of law. The defendants also moved for summary judgment, asserting that there is no genuine issue of any material fact and that they are entitled as a matter of law to a judgment dismissing the action.

The parties further stipulated that the defendants did not submit to the plaintiff at any time (i.e., prior to the institution of this action), either orally or in writing, any statement as to the reasons for the termination of her employment; and that the plaintiff mailed to the chairman of the District School Committee a letter requesting that the reasons for such termination be given, and mailed to the chairman of the County Board of Education a letter requesting that she be granted a hearing upon the termination of her contract, the defendants not denying that these letters were received.

In response to the plaintiff's request for admissions, the defendants denied that the board had no reason for terminating the plaintiff's contract at the end of the 1968-1969 school year and denied that its sole reason for so terminating it was that she was the wife of Joseph R. Still, whose contract was also terminated. In explanation of its latter denial, the defendants asserted that the contract of the plaintiff's husband, who had been employed by the County Board of Education as a music teacher and band director at the same time and at the same school at which the plaintiff was employed as a teacher, was not renewed at the end of the 1968-1969 school year and, since the likelihood was that he would obtain employment elsewhere and the plaintiff would probably find employment within the next school year at the same place, the plaintiff's contract was not renewed so that the County Board of Education would have an opportunity to hire a replacement for the plaintiff whose employment would likely be more permanent and would not be interrupted during the next school year. In further explanation, the defendants asserted that the plaintiff was teaching outside the field for which she held a certificate, having been allowed to do so solely as a convenience to her and to her husband, thus allowing them to teach at the same school, which

reason ceased to apply when the employment of the plaintiff's husband was not continued, and that by terminating the plaintiff's employment, the board would have the opportunity to hire a replacement who held a certificate in the particular field in which such teacher would be employed.

The defendants, responding to a further request by the plaintiff for admissions, admitted that the only reasons for terminating the plaintiff's contract were that the plaintiff was the wife of Joseph R. Still and that she was teaching outside the field for which she was certified, but they denied that her contract would not have been terminated but for the fact that she was the wife of Joseph R. Still.

In response to the defendants' request for admissions, the plaintiff stated that she is and, while employed as a teacher by the County Board of Education, was the wife of Joseph R. Still; that he was employed by the County Board of Education at the same time and at the same school as the plaintiff; that the plaintiff held a North Carolina "A" teaching certificate in the field of music and needed only one two-hour course in advanced composition to be certified in the field of English; that in the school year 1964-1965 she taught four periods of music and two periods of English; that in 1965-1966 she taught music, Latin and English; thereafter, Latin having been dropped from the curriculum, she taught three classes of music and three classes of English; that at all times she taught at least one-half of her courses in music, the field of her certification; that her teaching was at Erwin High School and at feeder schools; that some of her teaching was at schools at which her husband did not teach; and that the convenience of teaching at schools wherein he taught was not a controlling consideration and was never raised as an issue at the time the plaintiff was employed or retained as a teacher in the Buncombe County School System.

Judge Ervin entered judgment denying the plaintiff's motion for summary judgment in its entirety and granting the defendants' motion for summary judgment, dismissing the plaintiff's action, "on the grounds that the statutory scheme of the North Carolina Statutes is constitutional and that as to the issue of arbitrariness and capriciousness that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law."

*Smith, Moore, Smith, Schell & Hunter by McNeill Smith and Martin N. Erwin; McGuire, Baley & Wood by J. M. Baley, Jr.; and Hendon & Carson by Philip G. Carson for plaintiff.*

*Van Winkle, Buck, Wall, Starnes & Hyde by Herbert L. Hyde for defendants.*

LAKE, Justice.

[1] The contract between the plaintiff and the County Board of Education, dated 26 May 1967, was executed in accordance with and in the form required by G.S. 115-142. It expressly incorporates within itself the provisions of the school law, including this statute. Upon its face, it contains no provision concerning the duration of the employment or the means by which it may be terminated. Nothing else appearing, such a contract of employment, even though it expressly refers to the employment as "a regular, permanent job," is terminable at the will of either party irrespective of the quality of performance by the other party. *Tuttle v. Lumber Co.*, 263 N.C. 216, 139 S.E. 2d 249; *Wilkinson v. Mills*, 250 N.C. 370, 108 S.E. 2d 673; *Long v. Gilliam*, 244 N.C. 548, 94 S.E. 2d 585; *Howell v. Credit Corp.*, 238 N.C. 442, 78 S.E. 2d 146; *Malever v. Jewelry Co.*, 223 N.C. 148, 25 S.E. 2d 436; *May v. Power Co.*, 216 N.C. 439, 5 S.E. 2d 308; *Elmore v. R.R.*, 191 N.C. 182, 131 S.E. 633; 43 A.L.R. 1072; *Currier v. Lumber Co.*, 150 N.C. 694, 64 S.E. 763.

Where, however, there is a business usage, or other circumstance, appearing on the record, or of which the court may take judicial notice, which shows that, at the time the parties contracted, they intended the employment to continue through a fixed term, the contract cannot be terminated at an earlier period except for cause or by mutual consent. See: *Malever v. Jewelry Co., supra;* 53 AM. JUR. 2d, Master and Servant, § 27; Annot., 161 A.L.R. 706, 713. The nature of school operations is such that, in the absence of evidence of a contrary intent, a contract for the employment of a school teacher is presumed to be intended by the parties to continue to the end of the school year and not to be terminable by either party prior to that time and without cause and without the consent of the other party. G.S. 115-145, incorporated by reference into the contract before us, states the causes for which a teacher may be dismissed prior to the expiration of the school year for which he or she has been employed and prescribes the procedure, includ-

ing notice and hearing, to be followed in order so to dismiss a teacher. It is not contended that this statute has application to the present controversy.

[2]    The question before us relates solely to the right of the County Board of Education, having entered into a contract of employment with a teacher, to terminate the employment at the end of a school year. G.S. 115-142(b), incorporated into and made a part of the contract, on which the plaintiff relies, as completely as if set forth verbatim therein, provides:

> "All contracts now or hereafter entered into between a county or city board of education and a teacher, principal, or other professional employee shall continue from year to year *unless terminated as hereinafter set forth.* When it shall have been determined by a county or city board of education that an employee is not to be retained for the next succeeding school year it shall be the duty of the county or city superintendent to notify the employee, by registered letter deposited in mails addressed to last known address or business address of employee prior to the close of the school year, of the termination of his contract. When it shall have been determined that the services of an employee are not acceptable for the remainder of the current school year, and that the employee should be dismissed and relieved of his position immediately, the provisions and procedures of G.S. 115-67 and G.S. 115-145 shall be applicable." (Emphasis added.)

It is stipulated that the Board of Education in the present instance followed precisely the procedure prescribed in this statute. It is quite clear that this statute, and so the contract entered into by the plaintiff and upon which she relies, prescribes a procedure for terminating the employment of a teacher at the end of a school year entirely different from the procedure prescribed for the dismissal of a teacher during the school year. The statute, and so the contract before us, does not limit the right of the employer board to terminate the employment of a teacher at the end of a school year to a specified cause or circumstance. It does not, in such case, require the board to file charges against the teacher, to notify the teacher of the reason for which the board contemplates the termination of the employment or to permit the teacher to appear before the board and be heard. The statute, and so the contract on which the plaintiff

relies, expressly points to the difference between the procedures for dismissal during the school year and for termination of the employment at the end of the school year. Quite obviously, therefore, the failure to provide in this statute for the filing of charges, the statement of the reasons for the board's decision and the granting to the teacher of an opportunity to be heard was not an oversight. Consequently, G.S. 115-142(b), and so the contract upon which the plaintiff relies, can only be interpreted so as to authorize the County Board of Education to terminate the plaintiff's employment in the schools of Buncombe County as it has done.

G.S. 115-34, relied upon by the plaintiff in her brief, has no application to this case. The first part of that statute provides for an appeal from decisions of school personnel to the county or city board of education. The decision of which the plaintiff complains is the decision of the County Board of Education. The remainder of G.S. 115-34 provides for an appeal from a decision of a county or city board of education to the Superior Court when the action of the Board of Education is one "affecting one's character or right to teach." The decision of the defendant board to terminate the employment of the plaintiff does not affect her character, nor does it deprive her of the right to teach elsewhere. See, *Cafeteria Workers v. McElroy,* 367 U.S. 886, 81 S.Ct. 1743, 6 L. Ed. 2d 1230. Furthermore, the record does not indicate any attempt by the plaintiff to appeal to the Superior Court from the decision of the County Board of Education as distinguished from her present action brought in that court.

There remains for consideration the contention of the plaintiff that G.S. 115-142(b), so construed, is in excess of the authority of the General Assembly because it is a violation of a provision of the Constitution of North Carolina or a provision of the Constitution of the United States, as asserted by the plaintiff in the court below and in this Court. The plaintiff asserts that the statute is invalid and, consequently, her contract, which expressly incorporates and makes a part of it the language of the statute, does not give to the Board of Education the right so to terminate her employment at the end of the school year.

Prior to the issuance of teacher contracts for the 1967-1968 school term; that is, prior to the making of the contract

upon which the plaintiff here relies, the plaintiff was employed by the County Board of Education for three successive school years. In each of those school years, her employment was under a contract which was for one school year only. G.S. 115-142 then so provided. In 1967, the General Assembly amended the statute to provide that contracts for the employment of teachers, entered into thereafter, "shall continue from year to year *unless terminated as hereinafter set forth.*" (Emphasis added.) The plaintiff does not contend that either the Constitution of North Carolina or the Constitution of the United States forbids the State to require its county boards of education to limit teacher employment contracts to a term of one school year. There clearly would be no basis for such contention.

[3] Consequently, at the time the plaintiff entered into the contract upon which she now relies, 26 May 1967, she had no legal right to continue in the employment of the Buncombe County Board of Education beyond the end of the then current school year. That contract did not give her the absolute right to continue to occupy the status of an employed teacher until dismissed for cause specified in and pursuant to procedures specified in G.S. 115-145. It gave her the right to continue to occupy such employment status until that status was terminated as prescribed in G.S. 115-142. It has been so terminated. The defendants have not violated the contract so made with the plaintiff.

[4] In response to the plaintiff's requests for admissions, the defendants admitted that the only reasons for the termination of the plaintiff's employment at the end of the 1968-1969 school year were that her husband's employment as teacher in the Buncombe County public schools had terminated and the plaintiff was teaching a subject for which she held no teacher's certificate. The defendant denied that it would have continued the plaintiff's employment but for the fact that she was the wife of her husband. The defendants further stated, in response to the plaintiff's request for admissions, that the termination of the employment of the plaintiff's husband in the public schools of Buncombe County made it probable that he would seek employment elsewhere and, consequently, by virtue of the domestic relation, there was increased likelihood that the plaintiff's employment, if continued beyond the end of the then current school year, might be interrupted by the plaintiff before the end of the following school year.

The plaintiff asserts that these are insufficient reasons for the termination of her employment at the end of the 1968-1969 school year, asserting that she has almost completed the requirements for certification as a teacher of English, the subject which she has been teaching without being certified therein. The plaintiff does not assert that the action of the board is by way of reprisal on account of any activity of the plaintiff, or is for the purpose of compelling her to refrain from any activity in which she has previously been engaged or desires to engage or to engage in any activity foreign to her duties as a teacher. In effect, she simply contends that the reasons stated by the board, in its response to her requests for admissions, are not sound basis for its determination. That determination, however, is left by the statute in the discretion of the County Board of Education. The wisdom of its determination is not subject to review by us.

[5] There is no merit in the plaintiff's assertion in her third claim for relief that it is a denial to the plaintiff of the equal protection of the laws, guaranteed by the Fourteenth Amendment to the Constitution of the United States, for the State to prescribe one procedure for the dismissal of a school teacher during the school year, on the ground of immoral or disreputable conduct or failure to perform the teacher's contract, and to prescribe a different procedure for the termination of the employment at the end of the school year. The vast difference in the consequences of these two actions, insofar as the future effect upon the teacher's professional standing and ability to obtain employment is concerned, is ample basis for classification within the limits of the Fourteenth Amendment and of Art. I, § 17, of the Constitution of North Carolina. See: *Morey v. Doud,* 354 U.S. 457, 77 S.Ct. 1344, 1 L. Ed. 2d 1485; *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78, 31 S.Ct. 337, 55 L. Ed. 369; *State v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198.

We have carefully considered each of the numerous authorities cited by the plaintiff in her brief to support her contention that G.S. 115-142, as here interpreted and applied by us, deprives her of rights guaranteed to her by the First, Fifth and Fourteenth Amendments to the Constitution of the United States. It would serve no useful purpose to discuss these authorities individually. All of the decisions of the Supreme Court of the United States so cited by the plaintiff involved factual sit-

uations clearly distinguishable from that presented by the record before us. We find the remaining authorities so cited either obviously distinguishable or not persuasive and not binding upon this Court.

In *Hodgin v. Noland,* 435 F. 2d 859, the Court of Appeals for the Fourth Circuit held that a city librarian, discharged without notice of the cause for such action and without a hearing, was "subject to summary discharge with or without cause, so long as it was not in retribution for an exercise by him of some constitutionally protected right." As above noted, the plaintiff asserts no utterance or conduct by her, constitutionally protected or otherwise, in retaliation for which the Board of Education made its determination.

In *Freeman v. Gould Special School District,* 405 F. 2d 1153, the Court of Appeals for the Eighth Circuit, having before it the suit of public school teachers to compel the school board to renew their teaching contracts, said: "Many government employees are under civil service and some under tenure. Absent these security provisions a public employee has no right to continued public employment, except insofar as he may not be dismissed or failed *(sic)* to be rehired for impermissible constitutional reasons, such as race, religion, or the assertion of rights guaranteed by law or the Constitution."

In *Cafeteria Workers v. McElroy, supra,* at pages 896 and 898, the Supreme Court of the United States said: "It has become a settled principle that government employment, in the absence of legislation, can be revoked at the will of the appointing officer" and, "[T]o acknowledge that there exist constitutional restraints upon state and federal governments in dealing with their employees is not to say that all such employees have a constitutional right to notice and a hearing before they can be removed." There is even less basis for the assertion of such right where, as here, the employing agency has merely elected not to continue the employment at the end of an employment period.

There is nothing in the record before us to suggest that the action of the County Board of Education was designed to restrict the plaintiff in the exercise of any of her constitutional rights, or as a retaliatory measure by reason of her previous exercise of any such right, or for any other reason save the

bona fide exercise by the board of the discretion vested in it by the statute for the purpose of operating within the county an effective, properly staffed system of public schools. Consequently, the plaintiff has shown no constitutional right to a notice setting forth the board's reasons for terminating her employment at the end of the school year or to a hearing upon this matter.

Affirmed.