Foust v. City of Greensboro

---

STEVEN M. FOUST v. CITY OF GREENSBORO

No. 7918SC1094

(Filed 3 June 1980)

Administrative Law § 8; Appeal and Error § 21– discharged fire department employee – departmental hearing not judicial or quasi-judicial – no review

The trial court did not err in ruling that it did not have jurisdiction over the subject matter of this action by a discharged fire department employee on the ground that executive actions in personnel matters are not appealable on a writ of certiorari to the courts, and there was no merit to petitioner's contention that a departmental hearing conducted by the fire department was a judicial or quasi-judicial function which would permit review by certiorari.

APPEAL by petitioner from *Albright, Judge.* Order entered 7 September 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 13 May 1980.

This is an appeal from an order dismissing a petition for a writ of certiorari pursuant to Rule 12(b). The petitioner, Steven M. Foust, was terminated from employment by R. Powell, Chief of the Greensboro Fire Department, on or about 26 April 1979. The termination was the result of petitioner's violation of the Greensboro Fire Department Rules, Regulations, Practices, and Procedures arising out of an incident occurring on 5 March

1979. On that day Chief Reese Kent received a telephone call from an employee of Catherine's Stout Shop complaining that a yellow fire department vehicle was parked behind the building; that a man and woman were engaged in sexual intercourse in an adjacent car; and that upon completion of the act, the man drove away in the fire department vehicle. A check of the license number revealed the vehicle belonged to petitioner. Petitioner denied participation in the incident, and Chief Powell requested the Internal Affairs Division of the Police Department to investigate the matter. As a result of the investigation, petitioner was charged with the violation referred to above, and in addition, another charge of insubordination.

The Departmental Hearing Board of the Fire Department conducted an inquiry into the violations on 26 April 1979, and found that the petitioner had committed the violations as charged, including the insubordination charge.

Chief Powell, after considering the findings of the Hearing Board and other circumstances surrounding the case, discharged the petitioner. The petitioner appealed to the public safety director who upheld the chief's decision. Petitioner then appealed the decision to the city manager who found him guilty of the offenses charged except for the insubordination charge. The city manager upheld the decision of the fire chief in terminating the petitioner's employment with the city.

The petition for a writ of certiorari to the superior court was dismissed on motion of respondent pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure for lack of jurisdiction on the grounds that executive actions in personnel matters are not appealable on a writ of certiorari to the courts. Petitioner appealed.

*Ben D. Haines for petitioner appellant.*

*Linda K. Avery, Assistant City Attorney, for respondent appellee.*

HILL, Judge.

Petitioner contends the trial judge erred in ruling that he did not have jurisdiction over the subject matter of this action and in dismissing the proceeding. We do not agree.

Petitioner than cites from *In Re Burris*, 261, N.C. 450, 453, 130, 59 S.E. 2d 589 (1950), which states that:

> G.S. 1-269 expressly stipulates that 'writs of *certiorari* ... are authorized as heretofore in use.' It is well settled in this jurisdiction that *certiorari* is the appropriate process to review the proceedings of inferior courts and of bodies and officers exercising judicial or *quasi*-judicial functions in cases when no appeal is provided by law. (Citations omitted.)

Petitioner then refers to the record of the departmental hearing held 26 April 1979, at which time the petitioner and his attorney were present. The record states:

> [T]his hearing is being held in accordance with the Rules, Regulations, Practices and Procedures of the Greensboro Fire Department as set out in Article 24, Sections 13 and 14.

> This Hearing is an administrative hearing to serve an investigative as well as *adjudicatory* function, and as such, is not bound by strict rules of evidence applicable to a criminal or civil trial. (Emphasis added.)

Relying on the record of the hearing, together with the order of procedure before the board at the hearing, together with the orderly review of the findings of the board thereafter, petitioner contends that the departmental hearing constituted a judicial or quasi-judicial board.

Petitioner then cites from *In Re Burris*, 261, N.C. 450, 453, 135 S.E. 2d 27 (1964), as follows:

> [I]t is said in McQuillin, Municipal Corporations, section 12.267, page 397, et seq.:

'In most jurisdictions *certiorari* to review removal proceedings is sanctioned. *The general rule is that if the act of removal is executive it is not reviewable on certiorari, but if it is on a hearing and formal findings, it is so reviewable.* Stated in another way, the writ may be invoked only to review acts which are clearly judicial or *quasi*-judicial.' (Emphasis added.)

A careful reading of the record nowhere reveals any evidence that the Rules, Regulations, Practices and Procedures of the Greensboro Fire Department are ordinances of the city, or that they are in any way binding. In fact, it would appear that they are not binding in any manner, for the city manager declined to accept a finding that the petitioner was insubordinate. Nowhere do we find that the hearing board acted in any capacity other than as an investigative board. The board made no recommendation as to disciplinary action. Neither did it take any such action.

The fire chief dismissed the petitioner. The public safety director and city manager upheld the action of dismissal by the fire chief — although the manager did not concur in the finding of insurbordination by the board. It would appear that if the city manager could eliminate the hearing board's finding of insubordination, he could eliminate all the findings. This power tends to confirm our conclusion that the authority of the hearing board is limited to that of an investigative body alone. The hearing board cannot simply assume adjudicatory functions as it appears to have done.

The general rule in North Carolina is that, nothing else appearing, a contract of employment is terminable at the will of either party. *Still v. Lance,* 279 N.C. 254, 259, 182 S.E. 2d 403 (1971). Nevertheless, the Supreme Court of the United States in Board of *Regents v. Roth,* 408 U.S. 564, 33 L.Ed. 2d 548, 92 S. Ct. 2701 (1972), and *Bishop v. Wood,* 426 U.S. 341, 48 L.Ed. 2d 684, 96 S.Ct. 2074 (1976), has determined that when a liberty interest or a property right exists, the right to some kind of hearing prior to discharge is paramount.

Certainly, there is no liberty interest involved here. Fur-

In re Clark

ther, in this case nothing rebuts the fact that the contract of employment was terminable at the will of either party. If the contract is terminable at will, there is no vested right to future employment, and no property right exists. Certainly, courts would recognize the right to recover for services rendered to the date of discharge, but that is not the question here.

"In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways." *Bishop v. Wood, supra,* at p. 350.

The decision of the trial judge is

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.