818 F.2d 861
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter MERCER, Plaintiff-Appellant,
v.
METROPOLITAN LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 86-3611.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1987.
Decided May 11, 1987.
 
 Before HALL and CHAPMAN, Circuit Judges and BUTZNER, Senior Circuit Judge.
 Samuel Stuart Popkin & Associates, on brief), for appellant.
 Robert Worthington Spearman, Sanford, Adams, McCullough & Beard, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Appellant Walter Mercer was employed by Metropolitan Life Insurance Company from 1954 until his discharge in 1983. In 1982 Mercer was notified that his performance had been poor and unless improvements were made he would be discharged. Mercer was discharged in 1983 after receiVing notification from Metropolitan Life. He filed suit in state court, alleging that the discharge was wrongful. Metropolitan Life removed the action to federal court and filed a motion to dismiss. The district court granted the motion, finding that under North Carolina law a contract of employment with no definite term is terminable at Will, and that Mercer therefore could not recoVer for his alleged wrongful discharge. We affirm.
 
 
 2
 North Carolina follows the common law rule that a contract Which "contains no provision concerning the duration of the employment or the means by which it may be terminated ... is terminable at the Will of either party irrespective of the quality of performance by the other party." Still v. Lance, 279 N.C. 254, 259, 182 S.E.2d 403, 406-07 (1971). This rule applies even if the contract "expressly refers to the employment as 'a regular, permanent job.' " Id. If, however, there is a business usage or other circumstance "which shows that, at the time the parties contracted, they intended the employment to continue through a fixed term, the contract cannot be terminated at an earlier period except for cause or by mutual consent." Id.
 
 
 3
 Mercer asserts that he was continuously employed for twenty-nine years and that continued service is sufficient proof that a contract.for a fixed term was intended. He does not, however, allege any circumstance tending to show that at the time the parties contracted, they intended the employment to continue through a fixed term. Cf. Roberts v. Wake Forest University, 55 N.C.App. 430, 286 S.E.2d 120, review denied, 305 N.C. 586, 292 S.E.2d 571 (1982)(employer's statement that substantial period of employment was expected and history of long periods of employment at this particular position fell far short of showing intention of parties for fixed term of employment). Mercer has shown only employment at a regular, permanent job, which, under North Carolina law, is employment at will.
 
 
 4
 Moreover, the North Carolina courts have held that a promise not to discharge absent good cause will be implied in a contract only if "the employee gives some special consideration in addition to his services, such as relinquishing a claim for personal injuries against the employer, removing his residence ... to accept employment, or assisting in breaking a strike." Burkhimer v. Gealy, 39 N.C.App. 450, 454, 250 S.E.2d 678, 682, review denied 297 N.C. 298, 254 S.E.2d 918 (1979). See also Walker v. Westinghouse Electric Corp., 77 N.C.App. 253, 335 S.E.2d 79 (1985), review denied, 315 N.C. 597, 341 S.E.2d 39 (1986). Mercer does not allege that he gave any such consideration. Thus Mercer is not entitled to relief based on the allegations contained in his complaint.
 
 
 5
 Accordingly, we affirm the decision of the district court. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed.R.App.P. 34 and Local Rule 34(a).
 
 
 6
 AFFIRMED.