Kenneth R. EDWARDS, Plaintiff,

v.

CITY OF GOLDSBORO, Chester Hill, and Richard Slozak, Defendants.

No. 5:96–CV–448–BO(2).

United States District Court, E.D. North Carolina, Western Division.

Oct. 16, 1997.

J. Michael McGuinness, Elizabethtown, NC, Gregory Kenneth Kornegay, Wilmington, NC, for Plaintiff.

William Harrell Everett, Jr., Goldsboro, NC, Patricia L. Holland, Raleigh, NC, for Defendants.

### ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon consideration of the pleadings and the parties' briefs, the motion will be GRANTED.

### BACKGROUND

Plaintiff Kenneth Edwards ("Edwards") has been employed as a police officer with City of Goldsboro since August 6, 1975. Edwards was suspended without pay for two weeks in December of 1995 for engaging in secondary employment without permission from Defendant Chester Hill ("Hill"), Chief of Police of Goldsboro, a violation of the personnel policy of the City of Goldsboro. Plaintiff sues the City, Hill, and City Manager Richard Slozak ("Slozak") in both their individual and official capacities.

Plaintiff alleges that he completed the standard application for secondary off-duty employment on November 27, 1995, and presented it to Chief Hill. Plaintiff desired to start a business called "Professional Training Services," to teach classes on firearms safety to people applying for concealed handgun permits in North Carolina. Chief Hill denied Plaintiff's application, citing the "best interests" of the department. On December 9, 1995, and December 10, 1995, Plaintiff violated Hill's memorandum and engaged in the secondary employment. Subsequently, Hill advised the Plaintiff that he was suspended

for two weeks and placed on probation for one year.

Upon Plaintiff's request, a hearing was held before a Grievance Panel on January 17, 1996. On January 22, 1996, the panel ratified Plaintiff's suspension. On January 30, 1996, City Manager Slozak sent a letter to Plaintiff upholding the panel's determination to suspend Plaintiff in accordance with Chief Hill's decision.

There is no written contract between Plaintiff and Defendants, nor is there an ordinance or statute pertaining to Plaintiff's employment with the City of Goldsboro. Plaintiff brings this action under Section 1983 of Title 42 of the United States Code, alleging that his procedural due process rights were violated prior to his suspension. He alleges that his suspension was arbitrary and capricious and violative of his substantive due process rights, equal protection rights, and liberty interests. Plaintiff also alleges that his suspension violated his Second Amendment right to bear arms, his right to exercise off-duty association, and his right to privacy. Plaintiff also alleges a violation of North Carolina Public Policy Wrongful Discharge.

### ANALYSIS

Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should only be granted in limited circumstances. *De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir.1991); *Rogers v. Jefferson–Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir.1989). Inferences should be construed in the light most favorable to the party opposing the motion, and the motion should be granted only if that party has no chance of prevailing on the merits of its argument.

■ Defendants argue that they are entitled to the defense of qualified immunity. Government officials sued in their individual capacity are protected by qualified immunity "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987).

■ Qualified immunity is a threshold defense, and a preemptive bar to consideration of the merits of a cause of action when asserted in response to a colorable claim against government officials. However, federal courts considering allegations against government officials must examine the underlying claims themselves, and where the plaintiff has failed to articulate a constitutional or federal statutory right upon which relief can be granted, the case must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In such instances, the defense of qualified immunity is not necessary and should not be reached.

■ In the instant case, Plaintiff can point to no clearly established right which the Defendants violated by barring him from engaging in secondary employment, suspending him, and placing him on a year's probation. Maintenance of a Section 1983 action requires a plaintiff to prove that the underlying acts complained of violate his constitutional or federal statutory rights. Plaintiff fails to do so.

■ First, Plaintiff fails to allege a violation of his right to free association. The right to free association is correlative to an individual's right "to speak, to worship, and to petition the government for the redress of grievances." *Roberts v. United States Jaycees*, 468 U.S. 609, 622, 104 S.Ct. 3244, 3252, 82 L.Ed.2d 462 (1984); *Cromer v. Brown*, 88 F.3d 1315, 1331 (4th Cir.1996). Edwards obviously has a right to engage in speech and activities with respect to firearms safety education. Merely prohibiting him from engaging in employment in this area did not impinge upon these rights; Edwards was still free to advocate this cause or to participate in weapons safety classes on a volunteer basis. Defendants did not take adverse personnel action against Edwards for merely expressing his views or joining an association. They simply prohibited Edwards from engaging in secondary employment.

■ Plaintiff attempts to establish a claim that his right to substantive due process was violated. The substantive component of the Constitutional Due Process clause protects rights that are "fundamental," that

is, "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937). Most, but not all, of the rights enumerated in the Bill of Rights are considered fundamental, as are a limited few other rights, such as the right to privacy. The Supreme Court has held that an interest in continued employment is not a constitutionally protected right, but merely a property interest. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). As such, Plaintiff's claim of substantive due process must fail; there is simply no fundamental right to be vindicated here.

■ Plaintiff's next claim is that his procedural due process rights were violated. To be entitled to the procedural safeguards guaranteed in the Fifth Amendment, a claimant must have been deprived of a liberty or property interest. *Roth*, 408 U.S. at 569, 92 S.Ct. at 2705. Such interests are not created by the Constitution. "Rather, they are created and their dimensions are defined by existing rules and understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* at 577, 92 S.Ct. at 2709. In North Carolina, an enforceable expectation of continued public employment "can exist only if the employer, by statute or contract, has actually granted some form of guarantee." *Bishop v. Wood*, 426 U.S. 341, 345, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976) (citing *Still v. Lance*, 279 N.C. 254, 182 S.E.2d 403 (1971)).

■ Here, Plaintiff fails to allege that he had an employment contract with the City of Goldsboro. Similarly, he points to no statute or ordinance creating such an interest. Even if Plaintiff could point to a property interest of which he has been deprived, he was not denied adequate process. The adequacy of process afforded must be judged by applying the balancing test established by the Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Under this standard, as applied by later decisions, a full predeprivation hearing is not required. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 545–46,

105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). At a minimum, Plaintiff was entitled to notice of the charges against him and "some kind of hearing" before his suspension. *Garraghty v. Jordan*, 830 F.2d 1295, 1299–1300 (4th Cir.1987) (quoting *Loudermill*, 470 U.S. at 542, 105 S.Ct. at 1493). In the instant case, Edwards acknowledges that he received a letter regarding his suspension, which provided him with the requisite notice, and that he received a "grievance hearing" before Police Department supervisors and the Goldsboro City Attorney. Plaintiff fails to establish a violation of procedural due process.

■ Plaintiff next attempts to assert a claim that his right to equal protection under the United States Constitution has been violated. Equal protection cases usually involve claims of disparate treatment of members of a vulnerable group, *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440–41, 105 S.Ct. 3249, 3254–55, 87 L.Ed.2d 313 (1985), or challenges to laws or policies which are alleged to make irrational distinctions, *Lindsey v. Normet*, 405 U.S. 56, 74–79, 92 S.Ct. 862, 874–77, 31 L.Ed.2d 36 (1972). Occasionally, however, charges of "selective enforcement" may fall within the equal protection ambit. The only time when such a claim may be actionable under the Constitution is when a "decision to prosecute is made either in retaliation for the exercise of a constitutional right ... or because of membership in a vulnerable group." *Esmail v. Macrane*, 53 F.3d 176, 178 (7th Cir.1995).

■ In the instant case, Plaintiff cannot allege that he was selectively treated based on membership in a vulnerable group. With respect to the other prong of this doctrine, this is "a murky corner of equal protection law in which there are surprisingly few cases and no clearly delineated rules to apply." *LeClair v. Saunders*, 627 F.2d 606, 608 (2d Cir.1980), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). The *Esmail* doctrine has not been accepted in the Fourth Circuit as equal protection law. Given that its rationale is far-removed from the motives behind the Equal Protection clause of the Fourteenth Amendment, *see Palmer v. Thompson*, 403 U.S. 217, 220, 91 S.Ct. 1940,

1942–43, 29 L.Ed.2d 438 (1971), and it is unsettled in this circuit, it would be improvident for this Court to expand Fourth Circuit law in the instant matter. This is especially true where, as here, Plaintiff has failed to allege with any specificity a pattern of invidious discrimination directed toward him. Edwards has therefore failed to establish an equal protection violation.

 Plaintiff's Second Amendment claim is similarly without merit. The right to keep and bear arms is a limitation on the power of Congress and the Federal government, not upon the States. *Presser v. Illinois,* 116 U.S. 252, 6 S.Ct. 580, 29 L.Ed. 615 (1886), *Love v. Pepersack,* 47 F.3d 120 (4th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 64, 133 L.Ed.2d 27 (1995). This claim must be dismissed as a matter of law.

 Plaintiff also fails to state a claim for deprivation of his constitutional right to privacy. While the Supreme Court has recognized such a right, it is narrowly circumscribed. *See Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). The Supreme Court has limited the constitutional privacy interest to "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." *Id.* at 713, 96 S.Ct. at 1166. Plaintiff's privacy cause of action fails to allege state contravention of a recognized right to privacy, and must be dismissed.

 Plaintiff's claims against the City of Goldsboro and the individual defendants in their official capacities must be dismissed. Suits against governmental officials in their official capacities must be treated as suits against the governmental entity. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985). As such, the claims against the City of Goldsboro must fail because they do not satisfy the standards for Section 1983 claims against governmental entities set forth by the Supreme Court in *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny. The Supreme Court held that municipalities cannot be liable under Section 1983 based on *respondeat superior.* Rather, a plaintiff must establish that an official policy of the municipality violated the plaintiff's constitutional rights. This can be done by establishing the existence of: (1) a formal policy, (2) a policy made by acts and decisions of high ranking officials with final decisionmaking authority, (3) a persistent and well-settled custom constituting *de facto* policy, or (4) a deliberate indifference by the governmental body to the supervision and training of its employees. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

 The *Pembaur* Court emphasized that the mere exercise of discretion by a city official does not "give rise to municipal liability based on an exercise of that discretion." 475 U.S. at 481–82, 106 S.Ct. at 1299. Here, Edwards fails to allege the existence of a municipal policy, and his claims against the City of Goldsboro and the individual Defendants' in their official capacities must be dismissed.

### CONCLUSION

For the reasons stated above, Plaintiff has failed to state a claim under Section 1983 for which relief can be granted. Defendants Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure is hereby GRANTED.

SO ORDERED.