**Ray Leonard ADKINS, Appellant,**

v.

**KELLY'S CREEK RAILROAD COMPANY, a corporation, Appellee.**

**No. 71–1457.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 7, 1971.

Decided April 5, 1972.

Railroad Company (hereafter "the railroad" or "Kelly's Creek"), sustained an injury necessitating the amputation of his left foot and ankle.

At trial, Adkins stated that he returned to work when he had sufficiently recovered from his injury and, pursuant to an oral agreement with the railroad, he did not bring an action under the F.E.L.A.[1] against Kelly's Creek in return for $4,700 plus hospital expenses from the railroad's insurance carrier and a promise by various railroad officials of lifetime employment[2] with Kelly's Creek. Appellant worked for Kelly's Creek until 1955 when he was transferred to the payroll of the Warner Collieries Company (hereafter "Warner"), the closely related parent corporation of Kelly's Creek,[3] changed his union membership and thereafter enjoyed a shorter workday, higher pay, and other benefits. Warner was merged into North American Coal Company in 1959; Adkins continued to work for Warner and North American until 1963 when the latter discontinued operations in the area and Adkins' employment was terminated. This action was commenced in November 1965.

In his complaint Adkins alleged two causes of action: the first, under the F.E.L.A., based on the injury sustained by him in 1952; and the second, based on the termination of his employment in 1963, for breach of the claimed oral agreement between himself and Kelly's Creek with respect to his lifetime employment.

The district court granted Kelly's Creek's pretrial motion for summary judgment with respect to the F.E.L.A. cause of action. The railroad had contended that this claim was barred by the applicable three-year statute of limita-

Robert M. Harvey, Charleston, W. Va. (Rudolph L. DiTrapano, Charleston, W. Va., on brief), for appellant.

R. Page Henley, Jr., and Howard R. Klostermeyer, Charleston, W. Va. (Spilman, Thomas, Battle & Klostermeyer, Charleston, W. Va., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and RUSSELL, Circuit Judges.

PER CURIAM:

Appellant Adkins, while employed in 1952 as a section hand by Kelly's Creek

1. Clearly, Adkins was injured while working for Kelly's Creek and was entitled to bring an action against that railroad pursuant to the provisions of the Federal Employers' Liability Act. 45 U.S.C. § 51 et seq.

2. Appellant maintained, in his complaint, that a Kelly's Creek official had assured him that he would *always* be able to institute his F.E.L.A. suit should the railroad violate the employment agreement.

3. Kelly's Creek was a wholly owned subsidiary of Warner.

tions. Adkins had argued that the statute of limitations had been tolled when the railroad's agent had misrepresented that appellant would *always* be able to bring his claim under the F.E.L.A. if the railroad were to breach the employment contract. The district court found two assumptions to be tenable, both leading to the inescapable conclusion that Adkins' F.E.L.A. claim could not be maintained. First, if a contract for lifetime employment had actually been effected, Adkins' agreement to forego bringing a personal injury action was merged into the contract.[4] Second, if no such agreement had been made, the F.E.L.A. cause of action was barred by limitations as untimely for the reason that if the making of the contract were not established by the evidence the conclusion would naturally follow that there was no misrepresentation tolling the statute of limitations.

Adkins' breach of contract claim was tried by a jury which returned a substantial verdict in his favor. Implicit in this verdict was a finding of a valid and binding oral contract between Adkins and Kelly's Creek and a breach of the lifetime employment provision of that contract in 1963. Subsequently the trial court, relying on Beall v. Morgantown & Kingwood Railroad Company, 118 W. Va. 289, 190 S.E. 333 (1937), found that Adkins had waived his rights under the contract when he accepted employment by a new employer, Warner, in 1955 and granted the motion of Kelly's Creek for judgment notwithstanding the verdict.

On appeal, appellant contends that the district court erroneously ruled that he had waived his contractual rights and improperly "weighed"[5] the evidence, in granting the railroad's motion for judgment n. o. v.[6] Also, Adkins asserts that the district court erred in sustaining Kelly's Creek's motion for summary judgment on the F.E.L.A. claim because it was for the jury to determine whether or not the time limitation provided by the F.E.L.A. on the institution of his action was tolled by the railroad's alleged misrepresentation.

■ It is clear that the district court did not "weigh" the evidence but, quite properly, considered all the evidence together with all reasonable inferences most favorable to Adkins. We reach the conclusion that the trial court correctly held that Beall v. Morgantown & Kingwood Railroad Company, *supra*, was controlling and that Adkins waived his rights under the lifetime employment agreement with Kelly's Creek by accepting employment with another corporation. Accordingly, we affirm with respect to this assignment of error on the basis of the district court's opinion. Adkins v. Kelly's Creek Railroad Company, 338 F.Supp. 888 (S.D.W.Va.1971).

■ Upon consideration of the record, the briefs and oral arguments we find no merit in appellant's contention that the trial court erred in dismissing his action for damages for personal injuries under the F.E.L.A. and in other assignments of error.

Affirmed.

---

4. Appellant's remedy, then, would be an action on the contract.

5. Appellant refers to the district court's mention in its opinion of the fact that appellant made no effort to secure enforcement of the employment agreement until nearly two years after his discharge and the fact that all persons supposedly cognizant of the agreement, other than Adkins and his wife, were deceased. These facts seem to have been recited by the district court merely as part of its development of the circumstances in this case and without any particular reliance thereon.

6. The district judge denied Kelly's Creek's alternative motion for a new trial.