No. 71–1582. FELTS *v.* SEABOARD COAST LINE RAILROAD CO.; and

No. 72–163. ADKINS *v.* KELLY'S CREEK RAILROAD CO. C. A. 4th Cir. Certiorari denied. MR. JUSTICE POWELL took no part in the consideration or decision in No. 71–1582. Reported below: No. 72–163, 458 F. 2d 26.

MR. JUSTICE DOUGLAS, dissenting.

These cases present recurring problems under § 6 of the Federal Employers' Liability Act, 35 Stat. 66, as amended, 45 U. S. C. § 56.

In No. 72–163, Adkins, an employee, lost a part of his left leg while attempting to repair a broken rail. Kelly's Creek was a carrier by rail wholly owned by Warners Collieries Co., a mining company. The jury returned a verdict for Adkins in the amount of $117,568.44. The District Court granted a defense motion for judgment *n. o. v.;* and the Court of Appeals affirmed. 458 F. 2d 26.

In No. 71–1582, Felts was a Pullman conductor who reported for work on the Seaboard Silver Comet Train out of Richmond, Virginia. He was injured while trying to open the trap door which would allow passengers to leave or to board the car. The jury returned a verdict for Felts which the District Court set aside; and the Court of Appeals affirmed.

These two cases are classic examples of the type of cases memorialized in our many FELA controversies— a page in our history highlighted by *Rogers* v. *Missouri Pac. R. Co.,* 352 U. S. 500, where we said:

> "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute

expressly imposes liability upon the employer to pay damages for injury or death due 'in whole or *in part*' to its negligence." *Id.*, at 506–507.

Trial by jury is "part and parcel of the remedy afforded railroad workers" under FELA. *Bailey* v. *Central Vermont R. Co.*, 319 U. S. 350, 354. The question whether the plaintiff was an employee of the carrier turns on factual elements, to be resolved by the jury under appropriate instructions. *Baker* v. *Texas & P. R. Co.*, 359 U. S. 227.

In *Felts*, while the conductor was a Pullman employee he was under instructions that "[w]hile on cars, on trains, in stations and yards, or on other railroad property" he was also "subject to instructions of the train conductor and officials of the railroad companies." The Seaboard train conductor had control and supervision over Felts, the Pullman conductor, and had authority to make him perform the assigned duties and to remove him if he did not. In other like situations the question whether an employee of one firm had become in performance of his work an employee of a railroad was a jury question.[*] We so held in *Baker* v. *Texas & P. R. Co., supra*, which should be controlling here.

In *Adkins* the defense, sustained by the lower courts, was that the carrier and its insurance company had settled the claim with the employee. Here again the question whether a carrier sued under FELA should be estopped to plead limitations, *Glus* v. *Brooklyn Eastern District Terminal*, 359 U. S. 231, or has obtained a valid release from the injured employee, *Dice* v. *Akron, C. & Y. R. Co.*, 342 U. S. 359, is a question for the jury.

---

[*]*See Cimorelli* v. *New York Central R. Co.*, 148 F. 2d 575; *Byrne* v. *Pennsylvania R. Co.*, 262 F. 2d 906; *Missouri-Kansas-Texas R. Co.* v. *Hearson*, 422 F. 2d 1037.

The history of FELA litigation shows how narrow, prejudiced judicial constructions of the Act in time subtly amended it, so as to deprive it of its original beneficent purpose of protecting the men who risk life and limb to keep our rail carriers operating. See *Rogers* v. *Missouri Pac. R. Co., supra,* at 507–509.

The emasculation that the judiciary made of this important social legislation led eventually to the revision of the Act by Congress in 1939 (*Rogers* v. *Missouri Pac. R. Co., supra,* at 510) so that litigation under it could start with a new mandate rather than with the crippling construction given by the courts. *Tiller* v. *Atlantic Coast Line R. Co.,* 318 U. S. 54, 63–68. It was in that tradition that *Rogers, Bailey, Baker, Glus,* and a host of other cases were decided. If the voice of Hugo Black were still heard and heeded, these two cases would be granted and reversed outright. That would be my vote. But at the very least we should put these cases down for argument. Our rejection of them means the start of a dark and disastrous retreat from the humanitarian purposes of this Act of Congress and a renewal of the ancient judicial art of emasculation of remedial legislation.