RICHARD DANIEL WUCHTE, Plaintiff v. JACKIE McNEIL, in his personal and official capacity as the Chief of Police of the City of Durham, and the CITY OF DURHAM, Defendants

No. COA97-840

(Filed 15 September 1998)

**1. Employer and Employee— continued employment—property interest—state law**

The existence of a property right in continued employment must be decided under state law.

**2. Employer and Employee— dismissal of city police officer—memoranda by city manager—no property interest in continued employment**

A city police officer did not have a protected property interest in continued employment so as to entitle him to procedural due process on the basis of memoranda issued by the city manager concerning grievance procedures and discipline where the memoranda had not been adopted as city ordinances.

**3. Employer and Employee— dismissal of city police officer—Report of Separation—liberty interest in future employment—no due process violation**

A city police chief's "Report of Separation" to the Criminal Justice Standards Commission, in which he checked boxes that plaintiff police officer had been dismissed and that he "would not recommend [plaintiff] for employment elsewhere as a law enforcement officer," did not implicate plaintiff's liberty interest

WUCHTE v. McNEIL

[130 N.C. App. 738 (1998)]

in seeking future employment; therefore, defendant's procedural due process rights were not violated by the police chief's submission of the "Report of Separation" without giving plaintiff notice and an opportunity to be heard.

Appeal by plaintiff from summary judgment order entered 28 May 1997 by Judge James C. Spencer, Jr. in Durham County Superior Court. Heard in the Court of Appeals 19 February 1998.

*McSurely, Dorosin & Osment, by Alan McSurely and Ashley Osment, for plaintiff-appellant.*

*Newsom, Graham, Hedrick & Kennon, P.A., by Joel M. Craig and Thomas H. Lee, Jr., for defendants-appellees.*

LEWIS, Judge.

In this appeal plaintiff alleges that the defendants violated his rights under the Constitutions of North Carolina and the United States by dismissing him from his job as a Durham City police officer without affording him the procedures set forth in Durham City personnel policies memoranda.

Plaintiff filed a complaint in Chatham County Superior Court on 6 April 1995 alleging violations of Article I sections 1, 12, 14, 18, and 19 of the North Carolina Constitution and the Fourteenth Amendment to the United States Constitution. By consent order, the action was transferred to Durham County Superior Court. On 28 May 1997 Judge James C. Spencer, Jr. found that there was no genuine issue of material fact and granted summary judgment in favor of defendants. We affirm.

We note at the outset that plaintiff has argued only his procedural due process claims in his brief. We will not address, therefore, the other arguments that plaintiff asserted below and that fall within his one, very broad assignment of error. N.C.R. App. P. 28(b)(5).

Summary judgment is properly granted where the movant shows that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). In the present case, plaintiff contends that there is a dispute regarding the events leading up to his dismissal. In light of our resolution of this case, these disputed facts are not material. Our inquiry, therefore, is limited to whether the trial court correctly applied the law.

The Office of the Durham City Manager issued a personnel policy memorandum entitled "Employee Grievance Procedure" in 1986, which outlined a hearing procedure for employee grievances. Similarly, in 1989, the same office issued a personnel policy memorandum entitled "Discipline," which provided, inter alia, that employees should receive counseling and coaching from their supervisors and that supervisors should confer with Human Resources prior to the initiation of a disciplinary action. Plaintiff contends defendants violated his procedural due process rights by failing to follow these procedures.

[1] Determining whether plaintiff's procedural due process rights under the North Carolina and United States Constitutions have been violated requires a two-step analysis: plaintiff must show first that he has a protected liberty interest and only then will courts consider his contention that the process he received was inadequate. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 84 L. Ed. 2d 494, 501 (1985); *Soles v. City of Raleigh Civil Service Comm.*, 345 N.C. 443, 446, 480 S.E.2d 685, 687, *reh'g denied*, 345 N.C. 761, 485 S.E.2d 299 (1997); *see also Woods v. City of Wilmington*, 125 N.C. App. 226, 230, 480 S.E.2d 429, 432 (1997) ("The 'law of the land' clause [of the North Carolina Constitution] is considered 'synonymous' with the Fourteenth Amendment to the United States Constitution."). The existence of a property right to continued employment must be decided under state law. *See Bishop v. Wood*, 426 U.S. 341, 344, 48 L. Ed. 2d 684, 690 (1976). Because we hold that, under North Carolina law, plaintiff did not have a protected liberty interest in continued employment with the City of Durham, it is unnecessary for us to address the sufficiency of the process he received before and after his termination.

An employee is presumed to be an employee-at-will absent a definite term of employment or a condition that the employee can be fired only "for cause." *See Still v. Lance*, 279 N.C. 254, 259, 182 S.E.2d 403, 406 (1971). An employee-at-will can be fired for an irrational reason, no reason, or any reason that does not violate public policy. *See id.* at 259, 182 S.E.2d at 406; *Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989). As such, an employee-at-will does not have a constitutionally protected right to continued employment and does not have the benefit of the protections of procedural due process. *See Howell v. Town of Carolina Beach*, 106 N.C. App. 410, 417, 417 S.E.2d 277, 281 (1992).

An employee whose employment would otherwise be at-will may gain a recognizable interest in continued employment where such a right is granted by ordinance or implied contract. *See id.* Employee manuals or policy memoranda may form the basis of such a right if they are expressly included in the employee's employment contract, or in the case of local governments, enacted as ordinances. *See id.*; *Trought v. Richardson*, 78 N.C. App. 758, 760, 338 S.E.2d 617, 618, *disc. rev. denied*, 316 N.C. 557, 344 S.E.2d 18 (1986).

[2] Plaintiff's reliance on the personnel policies discussed above as creating a right to procedural due process is misplaced. Nothing else appearing, unilaterally promulgated employee manuals or personnel memoranda do not create a property interest in continued employment. *See Harris v. Duke Power* Co., 319 N.C. 627, 630, 356 S.E.2d 357, 359-60 (1987), *overruled on other grounds*, 347 N.C. 329, 333 (1997); *see also Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 259, 335 S.E.2d 79, 83-84 (1985) (noting the "strong equitable and social policy reasons militating against allowing employers to promulgate for their employees potentially misleading personnel manuals while reserving the right to deviate from them at their own caprice," but, nonetheless, stating that employers are free to disregard such provisions), *disc. rev. denied*, 315 N.C. 597, 341 S.E.2d 39 (1986).

Plaintiff points to *Howell v. Town of Carolina Beach*, 106 N.C. App. 410, 417, 417 S.E.2d 277, 281 (1992), for the proposition that Durham's personnel memoranda gave him a "reasonable expectation of continued employment within the meaning of the due process clause." *Howell* is distinguishable, however, from cases involving unilaterally promulgated personnel memoranda, including the present case. Of critical importance in *Howell* was that the manual had been adopted by the town as an ordinance. This Court compared the town's ordinance to N.C. Gen. Stat. § 126-35 (1991), which has been held to grant state employees a "reasonable expectation of employment and a property interest within the meaning of the Due Process Clause." *Id.* The distinction between policy memoranda and ordinances has recently been upheld by our Supreme Court. *See Soles*, 345 N.C. at 447, 480 S.E.2d at 687.

In the present case, the personnel memoranda upon which plaintiff relies have not been adopted by the City of Durham as an ordinance. In fact, Durham enacted an ordinance in 1991 that provides:

Sec. 14-17. Effect of administrative procedures on legal entitlements.

No property rights with regard to benefits, termination or job status shall be inferred from policy memoranda, employee handbooks or other statements of administrative procedure unless such benefits or guarantees have been specifically and explicitly included in this ordinance.

Durham Code of Ordinances, No. 9209, § 8, 4-15-91. The personnel memoranda upon which plaintiff relies do not grant him a recognizable property interest under the Due Process Clauses of the United States or North Carolina Constitutions.

[3] Plaintiff next argues that defendant McNeil's submission of the Report of Separation to the North Carolina Department of Justice violated plaintiff's procedural due process rights.

Law enforcement agencies are required to complete a "Report of Separation" within ten days of an officer's retirement, resignation, dismissal, or death and forward it to the Criminal Justice Standards Division. See 12 N.C.A.C. § 9C.0305 (1981). In addition to administrative information, such as the officer's name and length of service, the form contains four sections: Reason for Separation, Reason, Employability, and Agency's Additional Comments. Under "Reason for Separation," defendant McNeil checked the box labeled "Dismissal." Under "Employability," defendant McNeil checked two boxes: "This agency would not consider this individual for reappointment," and "This agency would not recommend employment elsewhere as a criminal justice officer." Defendant McNeil made no comments or allegations under the sections "Reason [for dismissal]" or "Agency's Additional Comments."

Plaintiff contends that defendant McNeil's submission of this report to the Criminal Justice Standards Division without giving him an opportunity to refute the charges underlying his dismissal violated his right to procedural due process. We disagree.

In Presnell v. Pell, 298 N.C. 715, 724, 260 S.E.2d 611, 617 (1979), our Supreme Court, relying on a line of United States Supreme Court cases, held that an employee-at-will, while lacking a liberty interest in continued employment, does possess a liberty interest in his "freedom to seek further employment." In Presnell, plaintiff, a school cafeteria worker, alleged that the school principal publicly and falsely

accused her of distributing alcoholic beverages to other employees. *See id.* at 717-18, 260 S.E.2d at 613. Plaintiff was subsequently fired without a hearing. The Court held that "defamation concurrent with and related to termination of . . . employment" was sufficient to invoke due process protection. *Id.* at 723, 260 S.E.2d at 617; *see also Paul v. Davis,* 424 U.S. 693, 708-09, 47 L. Ed. 2d 405, 418 (1976) (holding that an individual does not have a liberty interest in his reputation alone but, in dicta, stating that defamation in conjunction with termination of employment may implicate a liberty interest); *but see Bishop v. Wood,* 426 U.S. 341, 348, 48 L. Ed. 2d 684, 692 (1976) (holding that the termination of an employee-at-will where the reasons for the termination were not publicly disclosed does not implicate a liberty interest); *Board of Regents v. Roth,* 408 U.S. 564, 573, 33 L. Ed. 2d 548, 558 (1972) (holding that a university's failure to re-hire a non-tenured professor did not implicate a liberty interest where the university "did not make any charge against him that might seriously damage his standing and associations in the community").

> One of the liberty interests encompassed in the Due Process Clause of the Fourteenth Amendment is the right "to engage in any of the common occupations of life," unfettered by unreasonable restrictions imposed by actions of the state or its agencies. *Meyer v. Nebraska,* 262 U.S. 390, 399 (1923); *Truax v. Raich,* 239 U.S. 33 (1915). The right of a citizen to live and work where he will is offended when a state agency unfairly imposes some stigma or disability that will itself foreclose the freedom to take advantage of employment opportunities. *Board of Regents v. Roth, supra.* Thus, where a state agency publicly and falsely accuses a discharged employee of dishonesty, immorality, or job related misconduct, considerations of due process demand that the employee be afforded a hearing in order to have an opportunity to refute the accusation and remove the stigma upon his reputation.

*Presnell v. Pell,* 298 N.C. 715, 724, 260 S.E.2d 611, 617 (1979).

There are two issues presented here: first, whether a report that does not contain any allegations of misconduct or immorality but that does withhold a recommendation is sufficient to "accuse[] a discharged employee of dishonesty, immorality or job related misconduct" and thereby implicate a liberty interest; and, second, whether the report was made "public," for due process purposes, when it was submitted to the Criminal Justice Standards Commission.

There is no question that prospective employers in law enforcement are not likely to be affirmatively impressed when they learn that defendant McNeil "would not recommend [plaintiff] for employment elsewhere as a law enforcement officer." In fact, plaintiff alleges, and we must take as true, he was denied a position with the Orange County Sheriff's Department as a result of defendant McNeil's statements in the Report of Separation. Nonetheless, we hold that merely withholding a recommendation does not invoke due process protection. In *Robertson v. Rogers*, the school board chose not to renew plaintiff's contract as assistant superintendent. 679 F.2d 1090, 1091 (4th Cir. 1982). The Fourth Circuit held that even if

> the superintendent [had] told prospective employers that Robertson was terminated for "incompetence and outside activities," this does not amount to the type of communication which gives rise to a protected liberty interest. *See Sigmon v. Poe*, 564 F.2d 1093, 1096 (4th Cir. 1977); *Gray v. Union County Intermediate Education District*, 520 F.2d 803, 806 (9th Cir. 1975). Allegations of incompetence do not imply the existence of serious character defects such as dishonesty or immorality, contemplated by *Roth, supra,* and are not the sort of accusations that require a hearing.

*Robertson,* at 1092. In the present case, the report does not include any charges related to plaintiff's character. In fact, the report contains no charges of any kind.

Having found the statements included in the Report of Separation insufficient to implicate plaintiff's liberty interest in seeking future employment, we need not reach the issue of whether the report was made public. We hold that plaintiff's due process rights, under either the North Carolina or United States constitutions, were not violated by the submission of Form F-5B, "Report of Separation" to the Criminal Justice Standards Commission without giving plaintiff notice and opportunity to be heard. The order of the trial court granting defendants' motion for summary judgment is

Affirmed.

Judges MARTIN, John C. and MARTIN, Mark D., concur.