Robert L. WHITESELL, Plaintiff,

v.

**TOWN OF MORRISVILLE, and John A. Whitson, Individually and in his Official Capacity as Town Manager of Morrisville, Defendants.**

No. 5:06–CV–88–D.

United States District Court,
E.D. North Carolina.
Western Division.

July 14, 2006.

William W. Webb, Sr., The Edmisten & Webb Law Firm, William Woodward Webb, Jr., The Edmisten & Webb Law Firm, Raleigh, NC, for Robert L. Whitesell, Plaintiff.

Julia Sullivan Hooten, Teague Campbell Dennis & Gorham, Melissa R. Cleary, Teague, Campbell, Dennis & Gorham, Raleigh, NC, for Town of Morrisville, John A. Whitson, Defendants.

## ORDER

DEVER, District Judge.

Robert Whitesell ("Whitesell" or "plaintiff") brought this 42 U.S.C. § 1983 action against his former employer, the Town of Morrisville ("town"), and against the town manager, John Whitson ("Whitson"), individually and in his official capacity. Whitesell alleges that he was terminated in violation of the due process clause of the Fourteenth Amendment, Article I, Section 19 of the North Carolina Constitution, and the disciplinary policy within the Town of Morrisville Personnel Policy ("Personnel Policy"). Compl. ¶ 17. Defendants removed the action from Wake County Supe-

rior Court and moved to dismiss for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). On July 14, 2006, the court heard oral argument. As explained below, the defendants' motion to dismiss is granted.

## I.

■ In analyzing a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is sufficient "under the facts alleged and under any facts that could be proved in support of the complaint." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir.2000). A court "assume[s] the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Id.* Nevertheless, a court "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.; Kloth v. Microsoft Corp.*, 444 F.3d 312, 318 (4th Cir.2006).

In considering the motion to dismiss, the court notes that the complaint quoted portions of the Personnel Policy (effective October 1, 1998) and plaintiff attached a portion of the Personnel Policy to his complaint as Exhibit A. On June 8, 2006, the court ordered the plaintiff to submit a complete copy of the Personnel Policy. Plaintiff did so, and the court has reviewed the entire Personnel Policy. In so doing, the court has not converted the defendants' motion to dismiss into a motion for summary judgment. *See Clark v. BASF Corp.*, 142 Fed.Appx. 659, 660–61 (4th Cir. 2005) (per curiam) (unpublished); *Anheuser–Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir.1995), *vacated on other grounds*, 517 U.S. 1206, 116 S.Ct. 1821, 134 L.Ed.2d 927 (1996); *Norfolk Fed'n of*

*Bus. Dists. v. Dep't of Hous. & Urban Dev.,* 932 F.Supp. 730, 736–37 (E.D.Va. 1996), *aff'd sub nom. Norfolk Fed'n of Bus. Dists. v. City of Norfolk,* 103 F.3d 119 (4th Cir.1996) (per curiam) (unpublished); *New Beckley Mining Corp. v. Int'l Union, United Mine Workers,* 18 F.3d 1161, 1164 (4th Cir.1994); *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir.1991).

## II.

Whitesell alleges that in or about August 1998, he began working for the town without a written employment agreement. Compl. ¶¶ 4–5. On October 1, 1998, the town adopted the Personnel Policy, which states that town employees will remain "at will" employees and may be terminated without reason or cause given. Compl. ¶¶ 6–7; *see* Personnel Policy, Art. I, § 1. On December 29, 2003, Whitesell was Police Chief of the Morrisville Police Department, and Whitson terminated Whitesell's employment in accordance with Article IX, Section 4 of the Personnel Policy. Compl. ¶¶ 8–9, Ex. A, B.

Article IX, Section 4 states: "With the approval of the Town Manager, an employee may be placed on disciplinary suspension, demoted, or dismissed without prior warning for causes relating to personal conduct detrimental to Town service in order to 1) avoid undue disruption of work; 2) to protect the safety of persons or property; or 3) for other serious reasons." Compl. ¶ 9, Ex. A. However, the Personnel Policy also provides:

> Before any disciplinary action is taken, whether for failure in personal conduct or failure in performance of duties, the Department Head shall provide the employee with a written notice of proposed disciplinary action, which will include ... the reasons for the action, and a date and time for a pre-disciplinary con-

ference. At this conference, the employee may present any response to the proposed disciplinary action to the Department Head. The Department Head will consider the employee's response, if any to the proposed disciplinary action, and will, within three working days following the pre-disciplinary conference, notify the employee in writing of the final decision to take disciplinary action. The notice of the final disciplinary action shall contain a statement of the reasons for the action and the employee's appeal rights.

Compl. ¶ 10 (quoting Personnel Policy, Art. IX, § 6).

Whitesell alleges that he was never provided a written notice of proposed disciplinary action, notified of the reason for his termination, or provided an opportunity to respond to the termination, all in violation of the Personnel Policy. Compl. ¶ 12. Whitesell alleges that Whitson terminated his employment "unilaterally and without legal authority" and that he did not receive his "due process rights in connection with his termination by the Town." Compl. ¶¶ 13–14. He seeks reinstatement, back wages, and damages. *See* Compl., Prayer for Relief.

## III.

### A.

The town argues that it should be dismissed as a defendant because plaintiff failed to allege that the town, as distinct from Whitson, was responsible for plaintiff's termination. Def. Mem. 5. The town asserts that because Whitesell failed to allege that the town authorized, condoned, or ratified Whitson's actions, the town cannot be liable. *Id.* (citing *Bd. of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 418, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Monell v. Dep't of Soc. Servs.,*

436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Moore v. City of Creedmoor*, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997)). In support, the town cites Whitesell's allegation that Whitson terminated Whitesell's employment "unilaterally and without legal authority." Def. Mem. 5 (quoting Compl. ¶ 13).

Plaintiff replies that in his termination letter to Whitesell, Whitson states that he terminated Whitesell in "accordance with Article IX, Section 4" of the Personnel Policy. Compl. ¶ 8, Ex. A. The "Town Board [of Commissioners], a body politic," adopted the Personnel Policy on October 1, 1998. Compl. ¶ 6. Thus, plaintiff argues that the town can be liable and should not be dismissed as a defendant. *See Berkley v. Common Council of City of Charleston*, 63 F.3d 295, 299 (4th Cir.1995) (en banc) ("If county employment policy was set by the Board of County Commissioners[,] that body's decisions would provide a basis for county liability.") (quotation omitted).

The court need not resolve this argument. *See Burns v. Brinkley*, 933 F.Supp. 528, 535 (E.D.N.C.1996). Rather, the court initially determines whether plaintiff had a property interest in his job, thus entitling him to procedural due process under the Fourteenth Amendment. If plaintiff lacked a property interest in his job, then his section 1983 claim against both the town and Whitson must be dismissed. Thus, the court turns to whether the plaintiff had a property interest in his job.

### B.

■ The procedural safeguards of the due process clause extend to plaintiff's "continued employment only if [he] had a property interest in that employment. . . . [I]n order to possess a property interest in one's employment [ ] 'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must instead have a legitimate claim of entitlement to it.'" *Pittman v. Wilson County*, 839 F.2d 225, 226–27 (4th Cir.1988) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

■ The court looks to state law to determine whether Whitesell had a property interest in his job. *See, e.g., Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). In *Knight v. Vernon*, 214 F.3d 544 (4th Cir.2000), the Fourth Circuit analyzed whether a person had a property interest in her job under North Carolina law "thus entitling her to procedural due process." *Id.* at 553. The Fourth Circuit observed that "North Carolina is an at-will employment state." *Id.* (citing *Kurtzman v. Applied Analytical Indus., Inc.*, 347 N.C. 329, 331, 493 S.E.2d 420, 422 (1997)). "Thus, in North Carolina 'an employer's personnel manual or policies are not part of an employee's contract of employment unless expressly included in that contract.'" *Knight*, 214 F.3d at 553 (quoting *Soles v. City of Raleigh Civil Serv. Comm'n*, 345 N.C. 443, 446–47, 480 S.E.2d 685, 687 (1997)). Alternatively, the Fourth Circuit noted that North Carolina courts have recognized a property interest under North Carolina law when a personnel policy has been enacted as an ordinance or statute. *See Knight*, 214 F.3d at 553; *accord Pittman*, 839 F.2d at 227–30; *Young v. Annarino*, 123 F.Supp.2d 915, 923–24 (W.D.N.C.2000); *Vereen v. Holden*, 127 N.C.App. 205, 206–07, 487 S.E.2d 822, 823 (1997); *cf. Wuchte v. McNeil*, 130 N.C.App. 738, 740–42, 505 S.E.2d 142, 145 (1998) (noting the distinction between ordinances and unilaterally promulgated policies).

■ Whitesell admits that he did not sign an employment contract (Compl.¶ 5)

and the complaint does not allege that he had an employment contract for a definite term. He also admits that the Personnel Policy (which the town adopted two months after he was hired) states that "town employees will continue to remain 'at will' employees and may be terminated without reason or cause given." Compl. ¶ 7. The Personnel Policy also states that "[n]othing in this policy creates an employment contract or term between the Town and its employees." Personnel Policy, Art. I, § 1. He also admits that the town's Personnel Policy "was not adopted by ordinance or statute." Pl. Resp. Mot. Dismiss 5. Because Whitesell does not contend that the Personnel Policy was expressly included in any employment contract that he had with the town or was enacted as an ordinance or statute, the Personnel Policy did not give Whitesell a protectable property interest in his job. *See, e.g., Knight,* 214 F.3d at 553; *Pittman,* 839 F.2d at 227–30; *Soles,* 345 N.C. at 447, 480 S.E.2d at 688; *accord Moore v. Town of Chapel Hill,* No. 1:04 CV 396, 2005 WL 3274351, at *4–5 (M.D.N.C. Dec. 2, 2005); *Disher v. Weaver,* 308 F. Supp 2d 614, 624–26 (M.D.N.C. 2004); *Ihekwu v. City of Durham,* 129 F.Supp.2d 870, 889–90 (M.D.N.C.2000); *Burns v. Brinkley,* 933 F.Supp. 528, 532–33 (E.D.N.C.1996); *Dunn v. Town of Emerald Isle,* 722 F.Supp. 1309, 1311 (E.D.N.C.1989), *aff'd,* 918 F.2d 955 (4th Cir.1990) (unpublished table decision).

In opposition to this conclusion Whitesell argues that when the defendants cited Article IX, Section 4 of the Personnel Policy in his termination letter, they created a legitimate expectation of continued employment pursuant to the policy. *See* Pl. Resp. 5. Plaintiff relies on *Howell v. Town of Carolina Beach,* 106 N.C.App. 410, 417–18, 417 S.E.2d 277, 281–82 (1992). Whitesell also argues that the Personnel Policy is tantamount to an ordinance or statute.

Whitesell's reliance on *Howell* is misplaced. In *Howell,* the North Carolina Court of Appeals found a property interest because the personnel policy had been enacted as an ordinance and thereby became "comparable to rights given State employees pursuant to N.C. [Gen.Stat.] § 126–35 (1991)." *Howell,* 106 N.C.App. at 417, 417 S.E.2d at 281. Unlike *Howell,* the town's Personnel Policy was not enacted as an ordinance or statute. "Absent a legislative adoption, the [town's] policies serve merely as managerial guidelines which, standing alone, impart no rights to any employee." *Soles,* 345 N.C. at 447, 480 S.E.2d at 688; *Moore,* 2005 WL 3274351, at *5. Moreover, Whitson's citation in plaintiff's termination letter to one "managerial guideline" (i.e. Article IX, Section 4 of the Personnel Policy) does not bootstrap another "managerial guideline" (i.e. Article IX, Section 6 of the Personnel Policy) to the level of an ordinance or statute. Accordingly, the court rejects both plaintiff's reliance on *Howell* and plaintiff's argument that the Personnel Policy was tantamount (i.e., the legal equivalent) to an ordinance or statute.

### C.

To the extent that plaintiff seeks to use section 1983 solely to vindicate his rights under the North Carolina Constitution or the town's Personnel Policy, that claim also fails because section 1983 is not a vehicle that can be used to vindicate rights under a state constitution. *See Clark v. Link,* 855 F.2d 156, 161–63 (4th Cir.1988); *Street v. Surdyka,* 492 F.2d 368, 371 (4th Cir.1974). Moreover, to the extent that plaintiff seeks to pursue a claim under the law of the land clause (i.e., Article I, Section 19) of the North Carolina Constitution, that claim also requires a property interest. *See, e.g., Wuchte,* 130 N.C.App. at 740, 505 S.E.2d at 144 (the law of the land clause is considered synon-

ymous with the Fourteenth Amendment to the U.S. Constitution); *Disher*, 308 F.Supp.2d at 626. Because plaintiff lacks a property interest under state law, such a claim fails.

### IV.

Because Whitesell lacked a property interest in his job, he fails to state a claim under section 1983. Accordingly, his section 1983 claim based on the Fourteenth Amendment against the Town of Morrisville and Whitson is DISMISSED. Likewise, any claim seeking to use section 1983 to vindicate plaintiff's rights under Article I, Section 19 of the North Carolina Constitution or the Personnel Policy fails to state a claim and is DISMISSED. Finally, any claim directly under Article I, Section 19 of the North Carolina Constitution or the Personnel Policy fails to state a claim and is DISMISSED.